**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

ANDRE LEVESQUE,

                Plaintiff,

       - v -                                    Civ. No. 8:13-CV-346
                                                    (LEK/RFT)

STATE FARM INS., *et al.*,

                Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

ANDRE LEVESQUE
Plaintiff, *Pro Se*
20090446
Clinton County Jail
25 McCarthy Drive
Plattsburgh, New York 12901

**RANDOLPH F. TREECE
United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

       Presently before the Court is a Complaint brought by *pro se* Plaintiff Andre Levesque. Dkt. No. 1, Compl. Plaintiff, who is currently incarcerated in Clinton County Jail, has not paid the statutory filing fee and, instead, has filed an Application to Proceed *In Forma Pauperis* ("IFP") and an Inmate Authorization Form. Dkt. Nos. 3 & 4. For the reasons set forth below, Plaintiff's Motion to Proceed *In Forma Pauperis* is **denied** pursuant to 28 U.S.C. § 1915(g) and we recommend *sua sponte* dismissing this action for lack of subject matter jurisdiction.

# I. DISCUSSION

## A. IFP Application

### 1. Three Strikes Provision

Where a plaintiff seeks leave to proceed *in forma pauperis*, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee. Notwithstanding Plaintiff's statement in the cover letter accompanying his Complaint indicating that he would "have no trouble paying" the filing fee (Dkt. No. 1-1), after reviewing the IFP Application, including the certification provided by the Clinton County Sheriff's Department, the Court finds for purposes of this Report-Recommendation and Order that Plaintiff currently meets the economic criteria for commencing this action without prepayment of fees. 28 U.S.C. § 1915(a).

Nevertheless, the Court must also determine whether the three strikes provision of 28 U.S.C. § 1915(g) bars Plaintiff from proceeding *in forma pauperis* and without prepayment of the filing fee. Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Court notes that in a prior action initiated by Plaintiff in this Court, it was determined that Levesque had accumulated more than three strikes for purposes of 28 U.S.C. § 1915(g) "because at least three of plaintiff's previous complaints were dismissed as frivolous and/or for failure to state a claim upon which relief could be granted." *Levesque v. United States Gov't*, Civ. No. 9:12-CV-

796 (NAM/DEP) (N.D.N.Y.), Dkt. No. 8, Dec. & Order, dated July 30, 2012, at p. 4 (citing various cases wherein Levesque accumulated three strikes prior to initiating the civil action in the Northern District of New York on May 5, 2012).[1] The undersigned takes judicial notice of this ruling by the Honorable Norman A. Mordue, United States District Judge, and similarly determines, based upon our review of the cited cases, that Plaintiff has indeed acquired three or more strikes prior to bringing this current action on March 23, 2013.[2] Thus, unless it appears that the imminent danger exception to the three strikes rule is applicable in this action, Plaintiff may not proceed with this action *in forma pauperis*.

## 2. *Imminent Danger Exception*

Congress enacted the imminent danger exception contained in the final phrase of § 1915(g) as a "safety valve" to prevent impending harms to prisoners otherwise barred from proceeding *in forma pauperis*. *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). "[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (citation omitted); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007) (imminent danger claims must be evaluated at the time the complaint is filed, rather than at the time of the events alleged).

---

[1] All of Plaintiff's "strikes" were accumulated in the District of New Hampshire. *See Levesque v. United States Gov't*, Civ. No. 9:12-CV-796 (NAM/DEP) (N.D.N.Y.), Dkt. No. 8, Dec. & Order, dated July 30, 2012, at pp. 4-6.

[2] A court performing a "three strikes" analysis must determine the date on which the plaintiff "brought" the action for purposes of 28 U.S.C. § 1915(g). Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his complaint to a prison guard for mailing to the court, which is presumed to be the date that the complaint was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Here, Plaintiff signed his Complaint on March 23, 2013, therefore the Court will presume that Plaintiff "brought" this action for purposes of 28 U.S.C. § 1915(g) on March 23, 2013.

In addition, "§ 1915(g) allows a three-strikes litigant to proceed [*in forma pauperis*] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus v. Morgenthau*, 554 F.3d at 296. In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id*. at 298–99.

"When determining whether a prisoner has qualified for the 'imminent danger' exception, courts look at the non-conclusory allegations in the plaintiff's complaint." *Welch v. Charlan*, 2008 WL 5382353, at *1, n.2 (N.D.N.Y. Dec. 16, 2008). Where the plaintiff is proceeding *pro se*, his complaint should be liberally construed and interpreted "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). "[T]hough [a court] is obligated to draw the most favorable inferences that [a *pro se* plaintiff's] complaint supports, [the court] cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). Thus, "[a] court may find that a complaint does not satisfy the 'imminent danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.'" *Id*. (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003)).

Construing Plaintiff's Complaint with extreme liberality, Plaintiff alleges that in 2012, unspecified items were stolen from a civilian residence and Defendant State Farm Insurance has failed to process his claim and Defendant Police have failed to address same. *See generally* Compl. He claims that there is a "treasonistic cover up going on" wherein he was charged with some

unspecified crime and "being threatened harassed assaulted and now robbed, and now insulted etc. etc. etc." *Id*. at ¶ 9. Plaintiff provides no facts regarding threats posed against him in 2013. Thus, even construing his Complaint with the leniency that the Court must afford a *pro se* litigant, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), these allegations present no basis for this Court to find that Plaintiff was under imminent danger of serious physical injury at the time that he filed his Complaint in March 2013. Therefore, the imminent-danger exception does not apply to this case and his IFP Application is **denied**.

Generally, when the Court denies a plaintiff IFP status because that litigant had accumulated three strikes under Section 1915(g), the plaintiff would be given the opportunity to pay the $350.00 filing fee in full or risk dismissal of the action. However, a review of the Complaint shows that the Court does not have the subject matter jurisdiction to entertain this action, thus, dismissal is warranted.

### B. Review of the Complaint

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its own jurisdiction, thus, we must examine whether diversity jurisdiction exists. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Moreover, under 28 U.S.C. § 1915A, a court must, as soon as practicable, *sua sponte* review

"a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employees of a governmental agency" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(a) & (b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (*per curiam*).

As noted above, Plaintiff appears to be complaining about a theft that occurred in 2012 while he presumably resided at a civilian address. Compl. at ¶ 3. He does not provide the date on which this theft is alleged to have occurred. He generally claims that items were stolen and that State Farm has failed to process a claim he filed, possibly pursuant to a renter's insurance policy. *Id.* at ¶¶ 4, 5, 7, & 11. He also asserts, though not in clear terms, that the Defendant Police came to his home but, despite being provided a list of stolen items, they have failed to address his claim of theft. *Id.* at ¶¶ 3, 6, & 10. Plaintiff alleges that the failure of the Defendants to adequately address his claims has caused him to suffer emotional distress and he seeks compensation in the amount of twenty million dollars. *Id.* at ¶¶ 7 & 12.

Plaintiff's Complaint does not contain a basis for this Court's jurisdiction. But, on the Civil Cover Sheet (Dkt. No. 1-3) accompanying the Complaint, Plaintiff claims that the jurisdictional basis for his action is federal question, which would fall under 28 U.S.C. § 1331, the statue which sets forth this Court's federal question jurisdiction. However, under the section denoting "Nature of Suit," Plaintiff indicates that this is an insurance contract dispute for refusal to process his claims. Yet, no where in any of Plaintiff's submissions does he directly or indirectly invoke any federal constitutional provision, law, or treaty that supports the allegations in the Complaint, and this Court

cannot surmise any based upon what has been pled. Therefore, it is patent that no subject matter jurisdiction would exist based upon this Court's federal question jurisdiction.

Nevertheless, in light of his *pro se* status, we consider whether the Court has subject matter jurisdiction under 28 U.S.C. § 1332, the statute conferring diversity jurisdiction. For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a).

For diversity jurisdiction purposes, an individual's citizenship is the individual's domicile, which is determined on the basis of two elements: "(1) physical presence in a state and (2) the intent to make the state a home." *See Zimak Co. v. Kaplan*, 1999 WL 38256, at *2 (S.D.N.Y. Jan. 28, 1999) (quoting 15 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 102.34[2] (3d ed. 1998)). Corporations are deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

In the "Parties" section of the Complaint, Plaintiff provides a Plattsburgh, New York address for himself.[3] For Defendant State Farm, Plaintiff lists a Plattsburgh, New York address, and for Defendant New York State Police, Plaintiff lists a Chazy, New York address. Plaintiff does not list State Farm's principle place of business nor place of incorporation. It seems that Plaintiff's Complaint against State Farm is due to its failure to process his claim of stolen goods. He does not provide a list of the items stolen nor their worth. Notwithstanding Plaintiff's claim of emotional

---

[3] Levesque is currently incarcerated at Clinton County Correctional Facility.

-7-

distress, Plaintiff's cause of action sounds in breach of contract, which limits his potential compensation to the amount that would make him whole. Without a list of the value of the items stolen, or for that matter, an allegation that he was insured by State Farm and that they were obligated by a contract to process his claim, Plaintiff has failed to allege that the amount in controversy exceeds $75,000 as required by the statute. Because of these identified deficiencies, we find that he has also failed to state a cognizable claim against State Farm. As for Defendant Police, while diversity is clearly lacking, Plaintiff also fails to state a cognizable cause of action against this Defendant implicating them in any wrongdoing.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 3) is **denied** due to Plaintiff's accumulation of three strikes prior to bringing this action and because he has not shown that at the time he brought this action he was in imminent danger; and it is further

**RECOMMENDED**, that this entire action be *sua sponte* dismissed due to lack of subject matter jurisdiction and because Plaintiff fails to state a claim upon which relief could be granted; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 24, 2013
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge